**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| N.B.,<br>*by her parent and next*<br>*friend, Dean Borsos*<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:20-cv-288<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant United States of America's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3).

This action is brought against Defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Plaintiff is a minor who currently resides with her parents in Tennessee, having moved there from Virginia in 2017. On March 2, 2017, while living in Virginia, Plaintiff alleges that she injured her elbow. The following day, Plaintiff alleges that Dr. Syed Ahmed performed surgery on her arm at Fort Belvoir Community Hospital in Virginia.

On March 31, 2017, during a follow-up visit at Fort Belvoir Community Hospital, Dr. Ahmed determined that a second surgery on Plaintiff's arm was necessary. On April 4, 2017, Dr. Ahmed operated

on Plaintiff a second time at the Walter Reed National Military Medical Center ("Walter Reed") in Bethesda, Maryland. Following the second surgery, Plaintiff continued to see Dr. Ahmed at Fort Belvoir for post-operative visits. By September of 2017, Plaintiff had moved to Tennessee. Plaintiff alleges that she has required additional surgeries and treatment from new doctors since moving, and that she continues to experience significant pain and stiffness in her elbow, arm, and hand.

On December 19, 2018, Plaintiff filed an SF-95 Notice of Administrative Claim. On the form, Plaintiff indicated that Walter Reed in Bethesda was the "appropriate federal agency" and that the basis of the claim "arises out of a negligent surgery that was performed [on Plaintiff], while a patient at [Walter Reed National Military Medical Center]." Plaintiff's form included a written attachment further detailing the basis of the claim, stating that it "is for medical negligence committed at Walter Reed National Military Medical Center" and that "[t]he decision to proceed with the second surgery was negligent in and of itself, and further, when performing the procedure, it was done in a negligent manner." The attachment concluded by asserting that "Dr. Ahmed and others involved in the surgery of April 4, 2017, were negligent in the decision to operate and performance of that surgery." The written notice did include some background of Dr. Ahmed's care for

2

Plaintiff, including that he had previously performed surgery on her once prior to the April 4, 2017 operation at Walter Reed.

On December 6, 2019, Plaintiff, by counsel, submitted a letter to the Department of the Navy to "clarify that [they were] on the same page with respect to the scope of the claim." The letter contended that Plaintiff's original December 19, 2018 notice "made clear" that Dr. Ahmed performed two surgeries on Plaintiff and that Plaintiff's claim was not limited to Dr. Ahmed's planning and performance of her second surgery. Instead, counsel's letter explained that Dr. Ahmed's treatment was "all part of one large transaction—one plan—to treat [Plaintiff's] arm." The Department of the Navy confirmed receipt of Plaintiff's letter on December 18, 2019. On February 26, 2020, the Navy denied Plaintiff's claim, determining that the agency was not liable for "damages allegedly resulting from surgery on [Plaintiff] at [Walter Reed National Military Medical Center] on April 4, 2017." The Navy's February 26, 2020 letter denying Plaintiff's claim did not mention Dr. Ahmed's prior treatment or his first surgery on Plaintiff's arm.

In this matter, Plaintiff alleges that Dr. Ahmed's first and second surgeries were negligently planned and performed. Defendant has moved to dismiss Plaintiff's complaint, arguing that the Court does not have subject-matter jurisdiction over her claim that the first surgery was negligently planned and performed because Plaintiff failed to administratively present that claim prior to

3

filing suit. As to Plaintiff's claim that the second surgery was negligently planned and performed, Defendant argues that venue is improper because the second surgery was performed in Maryland at Walter Reed.

A plaintiff bears the burden of persuasion when subject-matter jurisdiction is challenged under 12(b)(1). Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Courts may look beyond the four corners of the complaint when deciding a 12(b)(1) motion. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975). That is, a court is "free to weigh . . . evidence and satisfy itself as to the existence of its power to hear the case." Williams, 50 F.3d at 304.

The Federal Tort Claims Act provides a limited waiver of the United States' sovereign immunity for injuries resulting from certain torts of federal employees. 28 U.S.C. § 1346(b). No action against the United States shall be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a). The administrative claim must be presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994). Where a plaintiff fails to file an administrative claim with the

appropriate agency, "dismissal is mandatory." <u>Henderson v. United States</u>, 785 F.2d 121, 124 (4th Cir. 1986).

An administrative claim may be presented on a Standard Form 95 or other written instrument and must be accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death. 28 C.F.R. § 14.2(a). The administrative claim must give the agency notice that is sufficient to allow it to investigate the underlying incident and assess its potential liability. <u>Ahmed</u>, 30 F.3d at 517.

Defendant first argues that the Court lacks jurisdiction over Plaintiff's claim that Dr. Ahmed negligently planned and performed her first surgery because Plaintiff failed to administratively present that claim. Defendant contends that Plaintiff's administrative claim only included one claim, based solely on the second surgery performed on April 4, 2017 by Dr. Ahmed at Walter Reed in Bethesda, Maryland. Defendant acknowledges that while the original notice included some background regarding Dr. Ahmed's prior treatment, it unmistakably alleged only a single claim for negligence arising out of Dr. Ahmed's second surgery. Plaintiff responds that her notice did not need to include the word "negligence" throughout its description of Dr. Ahmed's treatment and that the allegations in the notice were sufficient to put the agency on notice that her claim for damages included Dr. Ahmed's planning and performance of her first surgery. Plaintiff argues in

the alternative that her counsel's letter of December 6, 2019
properly amended her administrative claim such that it thereafter
included the entire scope of Dr. Ahmed's treatment, including his
planning and performance of the first surgery.

The Court finds that the record supports Defendant's position
that Plaintiff failed to administratively present her claim that
Dr. Ahmed's first surgery was negligently planned and performed.
The second sentence of Plaintiff's December 19, 2018
administrative notice plainly stated that Plaintiff's claim "is
for medical negligence committed at Walter Read National Military
Medical Center." The Court also finds that while the administrative
notice does contain some background information regarding Dr.
Ahmed's prior treatment, Plaintiff did not allege that any of that
prior treatment was "negligent" or that it otherwise harmed her.
The notice repeatedly stated that Plaintiff's administrative claim
related solely to the planning and performance of Plaintiff's
second operation by explaining that "[t]he decision to proceed
with the second surgery was negligent in and of itself, and
further, when performing the procedure, it was done in a negligent
manner[,]" and more directly, that "Dr. Ahmed and the others
involved in the surgery of April 4, 2017 were negligent in the
decision to operate and performance of that surgery." While the
Court does not expect Plaintiff to have "littered" her
administrative notice with the word "negligence," Plaintiff's

notice repeatedly restricted itself to the planning and performance of the second surgery, and as a result, could not have sufficiently put the agency on notice that Dr. Ahmed also negligently planned or performed Plaintiff's first surgery. Given that Plaintiff's notice repeatedly asserted that the claim related to "the surgery of April 4, 2017" at Walter Reed, the agency would have had no reason to investigate or assess its liability with respect to any of Dr. Ahmed's treatment prior to Plaintiff's second surgery.

The Court also finds that counsel's December 6, 2019 letter cannot qualify as an "amendment" to Plaintiff's administrative notice because that letter was submitted more than two years after the claim accrued. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). While 28 C.F.R. § 14.2(c) does allow for a written amendment to a claim any time prior to the agency's final disposition, Plaintiff cites no authority for the proposition that she may amend her notice of claim more than two years after the date that the claim accrued, nor does she argue that the limitation period should be tolled for any reason. At latest, Dr. Ahmed's treatment of Plaintiff concluded by September of 2017, when the record reflects that Plaintiff moved to Tennessee and began receiving care from new doctors. As a result, the two-year

limitation period as to claims arising out of Dr. Ahmed's treatment had run by September of 2019 and counsel's December 6, 2019 letter was submitted to the Navy roughly three months after the two-year limitation period had run. For these reasons, the Court finds that it should dismiss Plaintiff's first claim for lack of subject-matter jurisdiction.

Defendant next contends that because the Court does not have jurisdiction over Plaintiff's first claim, her remaining claim based on her second surgery should be dismissed for improper venue because that claim "occurred" in Maryland. Plaintiff responds that although the second surgery did occur in Maryland, the complaint alleges that Dr. Ahmed's planning of that surgery, which took place at Fort Belvoir in Virginia, was independently negligent.

To survive a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff need only make a "prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Much like a jurisdictional challenge under rule 12(b)(1), a court is permitted to consider evidence outside the pleadings when considering a 12(b)(3) motion. Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 365-66 (4th Cir. 2012). Venue for an action under the Federal Tort Claims Act may lie in a district where "the act or omission complained of occurred." 28 U.S.C. § 1402(b). Moreover, where a case brought under the Act lays venue in the wrong division or district, the Court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Sarwari v. United States, 3:14-cv-398, 2014 U.S. Dist. LEXIS 154486, at *3 (E.D. Va. Oct. 31, 2014) ("When a plaintiff brings an action in the wrong division, a court may dismiss or transfer to a district or division where it originally could have been brought.").

As it relates to her second claim, Plaintiff contends that because Dr. Ahmed negligently planned the second operation in Virginia, venue is proper here. The Court does not agree. Although Dr. Ahmed allegedly negligently planned Plaintiff's second surgery in Virginia, the effects of that alleged negligence "occurred" in Maryland at the Walter Reed. See e.g., Sanchez ex rel. Rivera-Sanchez v. United States, 600 F. Supp. 2d 19, 23 (D.D.C. 2009) ("When conduct occurs in one district but has intended effects elsewhere, the act occurs in the jurisdiction where its effects are directed."). The record reflects that Plaintiff currently resides in Tennessee, and because the effect of Dr. Ahmed's plan occurred in Maryland, the Court finds that venue for Plaintiff's second claim is not appropriate in this district and the case should be dismissed without prejudice. See 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the

plaintiff resides or wherein the act or omission complained of occurred.").

For the foregoing reasons, the Court finds that Defendant's motion should be granted. An appropriate order shall issue.

Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 21, 2020

10